Therefore, no error being demonstrable on the face of the record, the judgment must be, and is, affirmed.

*Judgment affirmed.*

HURD, P. J., KOVACHY and SKEEL, JJ., concur.

---

IN RE ESTATE OF APGER.

(No. 200—Decided January 14, 1960.)

*Messrs. Marsh, Clark & Minzing,* for appellant.

*Mr. Richard A. Lindemann,* for appellee exceptor.

GUERNSEY, J. This is an appeal from a judgment of the Probate Court pursuant to a hearing on exceptions to an inventory ordering the inventory corrected and amended by "including therein the following assets: one diamond solitaire ring and one Thirty-Second Degree Masonic ring set with a diamond." The exceptions to the inventory were filed by one Harold E. Fosnaught, specific legatee of these two rings under the provisions of the will of John Howard Apger, deceased. The record before us shows that Dove M. Apger, as executrix of the estate, John Marsh, Jr., as attorney for the executrix, Dove M. Apger, as surviving spouse, and Dove M. Apger and Billie A. Patton, as next of kin and legatees, had each waived notice of the filing of the inventory and consented to its approval; that Harold E. Fosnaught was notified of the filing of the inventory and the time and place of hearing thereof; and that the executrix and her attorney were each notified of the filing of the exceptions and the time and place of hearing thereof. It does not appear from the record that any other notices were given or waivers of notice executed in connection with the inventory, the exceptions, and the hearings thereon.

On the hearing of the exceptions, the executrix made claim that the diamond solitaire ring had been given by the testator, before death, to William A. Patton, his son-in-law, and was therefore not part of the decedent's estate. The executrix acknowledged that no gift of the Masonic ring had been completed and that it should be included in the inventory.

From the judgment ordering the inclusion of both rings in the inventory, the only appeal taken and now before this court is that of William A. Patton, who describes himself in the notice of appeal as "a party in interest in the action in which exceptions were filed to the inventory and appraisement of the estate of John Howard Apger, deceased."

The appellant claims that the Probate Court erred in (1) barring the testimony of the executrix and (2) by handing down a judgment against the manifest weight of the evidence.

Although no party to the original action has protested the capacity or right of appellant to maintain this appeal, this is nevertheless a matter of concern to this court, which we must dispose of before considering appellant's assignments of error.

The statutes of Ohio are not always explicit as to what persons may prosecute an appeal from a judgment of a lower court. It may be inferred from the language of Section 2505.05, Revised Code, dealing with the filing of a notice of appeal and providing that "in said notice the party appealing shall be designated the appellant, and the adverse party, the appellee," that an appellant must be a party to the action in the lower court whose interests are adverse to some other party to the action. It likewise appears that, since by statute a final appealable order must "affect a substantial right," then for the appellant to have capacity to appeal the order appealed from must affect a substantial right of the appellant.

As has been determined by the Supreme Court of Ohio in the case of *Ohio Contract Carriers Assn., Inc.,* v. *Public Utilities Commission,* 140 Ohio St., 160, 42 N. E. (2d), 758:

"Appeal lies only on behalf of a party aggrieved by the final order appeal from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant."

Notwithstanding that the provisions of Section 2101.42, Revised Code, purport to permit an appeal from the Probate Court from any order, decision, or judgment "by a person against whom it is made or whom it affects," it will be noted that the appeals to which such phrase specifically pertains are appeals on questions of law and fact, and, even if it were intended by the Legislature that such phrase should also pertain to appeals on questions of law, it is our opinion that the words, "whom it affects," can be no broader in their application to the capacity of a person to appeal than is the rule of law expressed in the decision of the Supreme Court in the *Contract Carriers case, supra.* Certainly a person who is not a party to a case, who is not subject in the action to the process of the court, and who is not bound by its judgment, cannot be affected by the judgment.

In the instant case the appellant was not included in any of

the classes of persons upon whom notice of the filing of the inventory, the hearing thereon, the filing of the exceptions, or the hearing thereon, was required to be given under the provisions of Section 2115.16, Revised Code. Nor was notice ever served upon him. Appellant merely appeared as a witness in the action, and, although the executrix claimed that he was the donee of a gift of the diamond solitaire ring, the judgment of the Probate Court ordering the same to be included in the inventory could not, under these circumstances, be conclusive on the appellant of any property rights the appellant had in such ring. In itself, it could not even serve to deprive the appellant of his possession of the ring and merely had the effect of requiring the executor to list the two rings in the inventory of the decedent's estate and to proceed to administer them in the same manner as other assets of the estate. If the appellant stood on his claim of title the executor would ultimately be required to take some action against the appellant in a proper case in a court of competent jurisdiction for a determination binding on the appellant as to title and right to possession of the ring.

We appreciate that there have been some expressions by the courts that title may be determined in a hearing on exceptions to an inventory, but it is our opinion that such determination, if made, can be binding only on those persons who are properly before the court and cannot be binding on those not answerable to its process.

We conclude that the appellant herein, not being a party to the action in the Probate Court (see *Bolen* v. *Humes et al., Exrs.,* 94 Ohio App., 1, 114 N. E. [2d], 281, and *Hubbell* v. *Hubbell,* 22 Ohio St., 208) and not being injuriously affected by the judgment of the lower court, cannot maintain this appeal. In this conclusion we are aware that defects of parties may sometimes be waived and that waiver may exist by reason of failure to object. However, the judgment here not adversely affecting the appellant, the right to appeal cannot exist in the appellant, and waiver has no application. As to this appellant, for this court to entertain the appeal and to proceed to determine the errors assigned would be the consideration and determination of purely abstract questions, with no likelihood that our judgment would be any more binding on the appellant than the judgment of the

lower court was in the first instance. This we will not proceed to do.

The appeal is dismissed at the costs of appellant.

*Appeal dismissed.*

YOUNGER, P. J., and MIDDLETON, J., concur.