Cole, Appellee, *v.* Ottawa Home and Savings Assn.,
Appellant.
In re Estate of Marsek : Marsek, Gdn., Appellee, *v.* Caton,
Exrx., et al., Appellants.

2

(Nos. 68-230 and 68-292—Decided April 2, 1969.)

4

*Messrs. Rosenberger & Rosenberger* and *Mr. Victor A. Rosenberger, Jr.*, for appellee in case No. 68-230.

*Messrs. Unverferth & Unverferth, Mr. Thomas A. Unverferth, Messrs. Vorys, Sater, Seymour & Pease, Mr. Roger A. Yurchuck* and *Mr. James R. Beatley, Jr.*, for appellant in case No. 68-230.

*Messrs. Roemisch & Wright* and *Mr. Thomas R. Chase*, for appellee in case No. 68-292.

*Messrs. Rosenthal, Roesch, Buckman & McLandrich* and *Mr. Andrew J. McLandrich*, for appellants in case No. 68-292.

MATTHIAS, J. The important issues raised by these two cases are identical, viz.:

1. Who are to be considered as proper parties to a hearing upon exceptions to an inventory filed pursuant to Section 2115.16, Revised Code?

2. Is the summary procedure provided for under Section 2115.16, Revised Code, a proper proceeding in which title to assets may be determined, and, if it is, is that determination subject to attack in a subsequent action by a person not a party to the original hearing in Probate Court?

Section 2101.24(C), Revised Code, grants jurisdiction to the Probate Court "to direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates."

As a concomitant to this power, Section 2115.16, Revised Code, provides for a hearing on the filing of an inventory by an executor. Pursuant to Section 2115.16, Revised Code, certain persons must be served with notice of this hearing, but are not thereby made parties to the hearing since their appearance or nonappearance is discretionary. Provision is made for exceptions to be filed to the inventory "by any person interested in the estate or in any of the property included in the inventory." When exceptions are filed, the only persons to whom notice of the exceptions is required to be given are the "executor or administrator and his attorney." No provision for notice to other persons is made mandatory by the statute, although as a matter of practice notice is given to those persons who were notified of the hearing in the first instance. This is exactly what happened in case No. 68-230 with respect to plaintiff, Mary Cole.

Persons who are proper parties to a hearing on exceptions to an inventory, and are therefore bound by the determination of the Probate Court as to degree of right, title, and interest in those assets which are the subject of the hearing have been identified in the case of *In re Estate*

*of Haas,* 174 Ohio St. 277, the syllabus of which provides: "In a proceeding in the Probate Court, where an exception to the inventory and appraisement in an estate is filed on the ground that a claim against a certain person should be included in the inventory and appraisement, and an application by the executor of the estate is filed to amend the inventory and appraisement to include such claim against this person, the exceptor and the executor are parties in the proceeding. The person against whom it is contended such claim should be made has a collateral interest in this proceeding, but he is not a party in such proceeding, where he does not enter his appearance therein and oppose the proposed changes in the inventory."

Thus it is that this court has upheld a determination by the Probate Court that the proceeds from a joint and survivorship account should not have been included in the inventory of an estate filed by the executor where the survivor named in the account contract was the exceptor to the inventory. *In re Estate of Hatch,* 154 Ohio St. 149. Also, this accounts for this court having allowed the defense of *res judicata* to an action in the Court of Common Pleas to impose a trust on certain property by one who had already excepted to the inclusion of that same property in the inventory of her late husband's estate and had had the matter determined adversely to her in the hearing upon exceptions in Probate Court. *Bolles* v. *Toledo Trust Co.,* 136 Ohio St. 517.

We can find no instance where this court has ever held that a person not a party to the summary proceeding contemplated by Section 2115.16, Revised Code, would be precluded from attacking that judgment.

While there have been statements made by this court that the Probate Court has the power to determine title to assets claimed by the executor or by the exceptor as belonging in the inventory of an estate in a summary proceeding pursuant to Section 2115.16, Revised Code, nowhere can we find a declaration that this determination would

bind any person not a party to the proceedings. See *In re Estate of Gottwald*, 164 Ohio St. 405; *Bolles* v. *Toledo Trust Co., supra* (136 Ohio St. 517); *In re Estate of Haas, supra* (174 Ohio St. 277).

It is clear that where the assets are in the hands of a third party, not the executor or the exceptor, a determination by the Probate Court that those assets properly belong in an inventory of the estate amounts to a directive to the executor that a chose in action exists in favor of the estate which should be pursued. *In re Estate of Gottwald, supra* (164 Ohio St. 405); *In re Estate of Haas, supra* (174 Ohio St. 277); *In re Estate of Apger*, 111 Ohio App. 164.

In order for the principle of *res judicata* to apply, the parties to the subsequent action must be identical to those of the former or have been in privity with them. *Norwood* v. *McDonald*, 142 Ohio St. 299. Since no persons, other than the executor and the exceptor, were parties before the Probate Court in either of the instant actions, no other persons can be bound by the determination in the summary proceeding contemplated by Section 2115.16, Revised Code.

In case No. 68-230 (Cole), the defendant bank asserts that it had no alternative but to pay the claim into Probate Court upon the order by that court to do so. The defendant bank was mistaken as to its obligation, since it was not a party to those proceedings.

Section 1105.09, Revised Code, as in effect at the time of this action (now Section 1107.08, Revised Code), allows a bank to pay the proceeds of a joint and survivorship account to the survivor and be acquitted of any further obligation. This the defendant bank did not do. Furthermore, it is clear that the defendant bank could have filed a declaratory judgment action in either the Probate Court or the Court of Common Pleas and had all interested parties before the court and acquired a final determination binding upon plaintiff, Mary Cole. *In re Estate of Morrison*, 159 Ohio St. 285; *Streeper* v. *Myers*, 132 Ohio St. 322; Sec-

tion 2721.02, Revised Code. We can find no merit in defendant bank's argument that Mary Cole is estopped from bringing this subsequent action because she refused to participate in the hearings on exceptions to inventory in the Probate Court to the defendant's detriment.

Appellant bank's other argument—that the Probate Court had power to determine that the joint and survivorship contract entered into by the decedent, the plaintiff, and the defendant bank was void *ab initio* because of the existing incompetency of the deceased as of the date of formation of the contract (November 2, 1962) and reliance upon the case of *Quinn* v. *State, ex rel. Leroy,* 118 Ohio St. 48, for the proposition that a party in privity to a contract cannot sue upon the contract after it has been adjudicated illegal in a competent court of jurisdiction— is ill-founded. No party in privity to the contract was a party to the proceedings in the Probate Court. Certainly plaintiff, Mary Cole, was not, as she made no appearance; nor was defendant bank, as it was not recognized by the Probate Court as a party or even recognized for the purpose of a motion to stay approval of the final account pending the outcome of the present litigation, and defendant bank could not have appealed the determination of the Probate Court, however made. We disagree with the statement made by appellant bank in its brief that: "The executors, of course, stand in the shoes of the decedent and occupy her position as one privy to the subject contract." True, they are charged with the responsibility of fulfilling her obligations under contracts existing at the time of her death and of asserting her rights under contracts existing at the time of her death, but they cannot be considered as privies to the subject contract with the defendant bank as they in no way participated in the formation of the contract.

For these reasons, we affirm the judgment of the Court of Appeals in case No. 68-230.

Appellant Mildred Caton in case No. 68-292 (Marsek)

argues that it is necessary that she be made a party to the proceedings as an individual in order for the judgment of the Probate Court to be binding upon her. The illogic of that position becomes apparent upon the realization that this would result in the Probate Court's order constituting a directive to the executrix to sue herself to recover assets properly belonging in the estate.

Appellant Mildred Caton argues that she should have been allowed to introduce into evidence the deposition of Mildred Caton, as an individual, taken on the 14th day of July, 1964, but excluded by the referee at the hearing date of July 22, 1964.

However, Section 2319.15, Revised Code, provides in part:

"* * * In case the deposition of a party to the suit is taken, it shall not be used in his own behalf, unless the notice specified that *his* deposition would be taken." (Emphasis added.)

It is undisputed that the notice did not state whose deposition was being taken, and therefore we find that the referee properly excluded the deposition. We find no merit in the distinction sought by appellant Mildred Caton, that her deposition was being taken as an individual and not as a party.

We therefore affirm the judgment of the Court of Appeals as to Mildred Caton.

Appellant Grace Curran in case No. 68-292 (Marsek) claims that she should not be bound by the judgment of the Probate Court on the hearing on exceptions to the inventory as she was not a party to the proceedings. With this contention we agree.

Appellee argues that it was stipulated before the referee by counsel for Grace Curran that all parties had been served with notice and were present, thus making Grace Curran a party to the hearing. The exact language as found in the bill of exceptions is:

"The Referee: May it be stipulated that all parties

have been properly served and are present and before the court and represented by counsel?

"Mr. Faragher: Yes.

"The Referee: What is your name?

"Mrs. Caton: Mildred Caton.

"The Referee: And your name?

"Mrs. Curran: Grace Curran.

"'The Referee: This is your client?

"Mr. Chase: Robert Marsek.

"The Referee: These are the interested parties?

"Mr. Faragher: Yes.

"The Referee: All right. Mr. Chase, you may proceed on the exceptions here."

We do not find this stipulation sufficient to cause Grace Curran to become a party to the proceedings. This was merely a stipulation that all *parties* were present, not *that Grace Curran was a party*. The record shows that Grace Curran was subsequently considered only as a witness, and was even asked to leave the courtroom upon motion by counsel for appellee for a separation of witnesses. She in no way participated in the proceedings other than by her attendance in the courtroom.

Therefore, we reverse the judgment as to her, finding her not a party to the proceedings. See *In re Estate of Apger, supra* (111 Ohio App. 164), and *In re Estate of Haas, supra* (174 Ohio St. 277).

Thus, our consideration of prior cases of this court leads us to the following conclusions:

1. The only parties to a hearing on exceptions to an inventory filed in the Probate Court pursuant to Section 2115.16, Revised Code, are the exceptor and the executor, unless other persons voluntarily appear and are allowed by the court to be made parties to the proceeding.

2. The determination by a Probate Court in the summary proceeding provided for by Section 2115.16, Revised Code, that assets should be included in an estate makes the question of title *res judicata* as between all parties to

the proceeding, but the judgment of the Probate Court may be attacked in a subsequent action by other interested persons who were not parties to the proceeding in the Probate Court.

In case No. 68-230, *judgment affirmed.*

TAFT, C. J., ZIMMERMAN, O'NEILL and SCHNEIDER, JJ., concur.

HERBERT and DUNCAN, JJ., not participating, for the reason that the case was heard before they became members of the court.

In case No. 68-292, *judgment affirmed* as to appellant Mildred Caton, executrix, and *judgment reversed* as to appellant Grace Curran.

TAFT, C. J., ZIMMERMAN, O'NEILL, SCHNEIDER, HERBERT and DUNCAN, JJ., concur.