[Cite as *Mascher v. Basement Care, Inc.*, 2020-Ohio-3582.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

JOY MASCHER ET AL.,

Plaintiffs-Appellees,

v.

BASEMENT CARE, INC., ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 CO 0022**

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2018 CV 312

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed and Remanded

---

*Atty. Nicholas Barborak*, Barborak Law Offices, 120 South Market Street, Lisbon, Ohio 44432, for Plaintiffs-Appellees, and

*Atty. Dean Konstand*, 106 S. Main Street, Suite 2500, Akron, Ohio 44308, for Defendants-Appellants.

Dated:
June 30, 2020

**Donofrio, J.**

{¶1}     Defendant-appellant, Basement Care, Inc., appeals the judgment of the Columbiana County Common Pleas Court denying its motion to stay proceedings pending arbitration in favor of plaintiffs-appellees, Joy Mascher and Coy Vlk-Peterson.

{¶2}     Neva Heffner resided in a house in Wellsville, Ohio with appellee Mascher. Both Heffner and appellee Mascher held an ownership interest in the house.  On June 8, 2016, Heffner entered into a contract with appellant where appellant agreed to perform numerous home repair tasks in exchange for $35,000.  Heffner made a down payment of $10,000 and appellant began the repair work on June 29, 2016.  Appellees were not parties to this contract.

{¶3}     On July 7, 2016, Heffner paid the remaining balance on the contract.  In late July of 2016, appellant completed the repair tasks.

{¶4}     On April 5, 2017, Heffner died testate.  The Columbiana County Probate Court appointed appellee Mascher as fiduciary to Heffner's estate.

{¶5}     On June 29, 2018, appellee Mascher, individually and as fiduciary to Heffner's estate, and appellee Vlk-Peterson filed a complaint against appellant and Jim Lucco.  The complaint set forth five causes of action: breach of contract, violation of Ohio's Consumer Sales Practices Act, fraud, negligence, and unjust enrichment.  The complaint also set forth a claim for punitive damages.

{¶6}     Appellees attached two exhibits to their complaint.  Exhibit A is a copy of the judgment entry from the Columbiana County Probate Court appointing appellee Mascher as fiduciary to Heffner's estate.  Exhibit B is a copy of the contract between Heffner and appellant.  The contract is one page and two-sided.  On the front of the contract above the signature line reads "THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES." (Compl. Ex. B).

{¶7}     On the back of the contract are the contract's terms and conditions.  Term and condition number nine states "[a]ny controversy or claim arising out of or relating to the contract and/or agreement or breach there of shall be settled by arbitration in

Case No. 19 CO 0022

accordance with the construction industry rules of the American Arbitration Association and judgements upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof." (Compl. Ex. B).

{¶8} Appellant appeared in this action by filing a motion to dismiss pursuant to Civ.R. 12(B)(1) and Civ.R. 12(B)(6). Alternatively, appellant's motion argued that the matter should be stayed pending arbitration.

{¶9} Appellees filed an opposition to appellant's motion to dismiss. Appellees argued that arbitration was inappropriate because: the action had parties who were not bound by the arbitration clause; the action had claims that were nonarbitrable; the arbitration clause was unfair, deceptive, and unconscionable; and the arbitration clause did not apply to issues regarding quality of performance.

{¶10} Appellant filed a supplemental brief in support of its motion to dismiss raising numerous arguments. Generally, appellant argued that the existence of non-signatories to an arbitration clause or nonarbitrable claims did not preclude arbitration and that appellee Mascher was bound by the arbitration clause because she brought this action, in part, as fiduciary to Heffner's estate. Appellant also argued that the arbitration clause was neither procedurally nor substantively unconscionable.

{¶11} On May 21, 2019, the trial court denied appellant's motion to dismiss. The trial court held that the arbitration clause was substantively unconscionable because appellees were not parties to the contract and, therefore, they could not enforce the arbitration clause, but appellant could. The trial court also held that the arbitration clause was procedurally unconscionable because appellees were not parties to the original contract and no meeting of the minds occurred between the parties regarding the arbitration clause. The trial court held that this judgment was a final appealable order.

{¶12} Appellant timely filed this appeal on June 21, 2019. Appellant now raises one assignment of error. This appeal is brought solely by appellant as Lucco did not appear in this action.

{¶13} Appellant's sole assignment of error states:

THE TRIAL COURT ERRED BY FAILING TO STAY THE WITHIN ACTION PENDING ARBITRATION.

**{¶14}** Appellant argues that the trial court's judgment denying its motion to stay pending arbitration is error for several reasons. First, the existence of unrelated parties or nonarbitrable claims does not preclude arbitration. Second, the arbitration clause is not unconscionable. Third, appellee Mascher, as fiduciary to Heffner's estate, is bound by the arbitration agreement.

**{¶15}** Generally, courts are to apply an abuse of discretion standard of review to a trial court's decision regarding a stay pending arbitration. *Carapellotti v. Breisch & Crowley*, 7th Dist. Jefferson No. 18 JE 0002, 2018-Ohio-3977, ¶ 16 citing *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841 (9th Dist.). An abuse of discretion is more than an error of law or judgment; it implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶16}** But if the trial court denies a stay pending arbitration based on an issue of law, reviewing courts apply a de novo standard of review. *Villas di Tuscany Condominium Assn., Inc. v. Villas di Tuscany*, 7th Dist. Mahoning No. 12 MA 165, 2014-Ohio-7776, ¶ 9. *See also Reynolds v. Crockett Homes, Inc.*, 7th Dist. Columbiana No. 08 CO 8, 2009-Ohio-1020, ¶ 11 (applying de novo standard of review to the issue of whether arbitration agreement was unconscionable); *Carapellotti* at ¶ 16 (applying de novo standard of review to the issue of whether there was a contract to arbitrate).

**{¶17}** The parties do not dispute the relevant facts set out above. The main issues appellant raises in this appeal are whether appellees are bound by the arbitration clause, whether the arbitration clause is unconscionable, and whether the existence of non-parties to an arbitration clause or nonarbitrable claims preclude arbitration. These are issues of law and, therefore, this court will apply a de novo standard of review.

**{¶18}** Beginning with whether appellees are bound by the arbitration clause, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Council of Smaller Enter. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 665, 687 N.E.2d 1352 (1998), quoting *AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). "While arbitration is encouraged as a form of dispute resolution, the policy favoring arbitration does not trump the constitutional right to seek

redress in court." *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258, at ¶ 8.

**{¶19}** While appellees were not parties to the contract, appellee Mascher is a party to this action individually and as fiduciary to Heffner's estate. Appellant argues that appellee Mascher's role as fiduciary to Heffner's estate binds her to the arbitration clause.

**{¶20}** A nonsignatory to an arbitration agreement may be bound by the arbitration agreement under a variety of ordinary contractual and agency related legal theories, including but not limited to: estoppel, incorporation by reference, assumption, agency, veil-piercing/alter ego, and third-party beneficiary. *Trinity Health Sys. v. MDX Corp.*, 180 Ohio App.3d 815, 2009-Ohio-417, 907 N.E.2d 746, ¶ 22 (7th Dist.). In this case, appellees brought a breach of contract cause of action against appellant, which is a contractual related legal theory.

**{¶21}** Appellees' breach of contract claim is based on Heffner performing on the contract by paying the full contract price and appellant breaching the contract by performing its repairs in an unsatisfactory manner or not completing certain agreed upon tasks. The only contract attached to the complaint is Exhibit B. The allegations in appellees' breach of contract claim all center on breaches of the Exhibit B contract.

**{¶22}** "Under an estoppel theory, a nonsignatory who knowingly accepts the benefits of an agreement is estopped from denying a corresponding obligation to arbitrate." *I Sports v. IMG Worldwide, Inc.*, 157 Ohio App.3d 593, 2004-Ohio-3113, 813 N.E.2d 4, ¶ 13 (8th Dist.) citing *Thomson-CSF, S.A. v. Am. Arbitration Assn.*, 64 F.3d 773 (2d Cir.1995).

**{¶23}** Moreover, appellee Mascher, as fiduciary to Heffner's estate, stands in Heffner's shoes which includes asserting Heffner's rights under contracts that existed prior to her death. *LaMusga v. Summit Square Rehab, L.L.C.*, 2d Dist. Montgomery No. 26641, 2015-Ohio-5305, ¶ 54 citing *Cole v. Ottawa Home & Sav. Assn.*, 18 Ohio St.2d 1, 246 N.E.2d 542 (1969). Based on the above, appellees are bound by the arbitration clause.

**{¶24}** We turn now to whether the arbitration clause is unconscionable. The doctrine of unconscionability includes two concepts: procedural unconscionability (the absence of meaningful choice on the part of one of the parties) and substantive

unconscionability (when the contract's terms unreasonably favor one party). *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 34. The party asserting that the contract is unconscionable bears the burden of proving the agreement is both procedurally and substantively unconscionable. *Id.*

**{¶25}** The trial court held that the arbitration clause was procedurally unconscionable because appellees were not signatories to the contract and, therefore, there was no meeting of the mind between appellees and appellant regarding arbitration. The trial court held that the arbitration clause was substantively unconscionable because, as it was written, it could only be enforced by signatories to the contract.

**{¶26}** Beginning with procedural unconscionability, it "concerns the formation of the agreement and occurs when no voluntary meeting of the minds is possible." *Christ Holdings, L.L.C. v. Schleappi*, 7th Dist. Noble No. 15 NO 0427, 2016-Ohio-4664, ¶ 37 quoting *Porpora v. Gatliff Bldg. Co.*, 160 Ohio App.3d 843, 2005-Ohio-2410, 828 N.E.2d 1081, ¶ 7 (9th Dist.). "Procedural unconscionability considers the circumstances surrounding the contracting parties' bargaining." *Taylor Bldg.*, 117 Ohio St.3d 352 at ¶ 43. Courts consider each party's age, education, intelligence, business acumen and experience, who drafted the contract, and whether alterations in the printed terms were possible. *Id.*

**{¶27}** The contract in this case was between Heffner and appellant. As there has been no discovery in this case, there are almost no facts known about Heffner from the record. The record only shows Heffner had an ownership interest in the home at issue, she entered into a contract with appellee, and she died testate on April 5, 2017. Appellees' opposition to appellant's motion to dismiss does not state any facts about Heffner. Because there are very few facts about Heffner in the record, appellees failed to meet their burden that the arbitration clause was procedurally unconscionable. On this basis alone, the arbitration clause is not unconscionable.

**{¶28}** Appellees have also not met their burden that the arbitration clause is substantively unconscionable. The contract is only one page and two-sided. On the front of the contract directly above the signature line reads "THIS AGREEMENT CONTAINS A BINDING ARBITRATION PROVISION WHICH MAY BE ENFORCED BY THE PARTIES." (Compl. Ex. B). On the back of the contract, term and condition number nine

Case No. 19 CO 0022

states "[a]ny controversy or claim arising out of or relating to the contract and/or agreement or breach there of shall be settled by arbitration in accordance with the construction industry rules of the American Arbitration Association and judgements upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof." (Compl. Ex. B).

{¶29}    The contract contains a large disclaimer that there is an arbitration provision.  The actual arbitration clause does not unreasonably favor one party over the other.  Thus, the arbitration clause is not substantively unconscionable.

{¶30}    Finally, we turn to whether actions involving nonarbitrable claims and non-parties to an arbitration agreement should be stayed pending arbitration.  Appellant argues that even though there are both arbitrable and nonarbitrable claims in this case, the entire action should be stayed pending arbitration of the arbitrable claims.

{¶31}    In support of this argument, appellant cites *Murray v. David Moore Builders*, 9th Dist. Summit No. 23821, 2008-Ohio-2960.  In *Murray*, the Ninth District held the presence of other parties and claims did not deprive David Moore of its right to arbitrate qualifying disputes under the contract.  *Id.* at ¶ 11.  The Ninth District continued that "'[t]o the extent that the Murrays' claims against Moore are subject to a valid arbitration provision, the trial court erred by denying the stay because of the presence of nonarbitrable claims and parties who cannot be compelled to arbitrate."  *Id.* at ¶ 11.

{¶32}    In its reasoning, the Ninth District cited *Cheney v. Sears, Roebuck & Co.*, 10th Dist. Franklin No. 04AP-1354, 2005-Ohio-3283, which held "when an action involves both arbitrable and non-arbitrable claims, the entire proceeding must be stayed until the issues that are subject to arbitration are resolved."  *Murray* quoting *Cheney* at ¶ 12.  This court has adopted this ruling from *Cheney*.  See *Riggs v. Patriot Energy Partners, L.L.C.*, 7th Dist. Carroll No. 11 CA 877, 2014-Ohio-558, ¶ 26.  Based on *Murray*, *Cheney*, and *Riggs*, because this action contains arbitrable claims, the trial court erred when it denied appellant's motion to stay pending arbitration.

{¶33}    In conclusion, the trial court erred when it denied appellant's motion to stay pending arbitration.  The trial court generally held that arbitration was inappropriate because appellees were not signatories to the contract.  As explained above, appellees are subject to the arbitration clause because they asserted contractually related causes

of action and because appellee Mascher brought this action, in part, as a representative of Heffner's estate. Appellees did not meet their burden to prove that the arbitration clause was procedurally and substantively unconscionable. Because appellees brought as least one arbitrable claim, the entire action should have been stayed pending arbitration of arbitrable claims.

**{¶34}** Accordingly, appellant's sole assignment of error has merit and is sustained.

**{¶35}** For the reasons stated above, the trial court's judgment is hereby reversed and this matter is remanded to the trial court to stay proceedings pending arbitration pursuant to law and consistent with this opinion.

Waite, P. J., concurs.

D'Apolito, J., concurs.

Case No. 19 CO 0022

———————————————

For the reasons stated in the Opinion rendered herein, the sole assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is reversed.  We hereby remand this matter to the trial court to stay proceedings pending arbitration and pursuant to law and consistent with this Court's Opinion.  Costs to be taxed against the Appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**