Williams, J.
 

 The Toledo Trust Company, defendant herein, relies upon the defense of
 
 res judicata
 
 
 *520
 
 which was properly pleaded. If this court holds that this defense was made out as a matter of law under the pleadings and evidence, it is not necessary to inquire into the other assignments of error.
 

 This defense is based upon the adjudication in the case of
 
 Bolles
 
 v.
 
 Toledo Trust Co.,
 
 132 Ohio St., 21, 4 N. E. (2d), 917.
 

 In that case the amended exceptions to the inventory raised the question whether the personal property (identical with that now in litigation) was lawfully included as assets in the inventory filed in Probate Court by The Toledo Trust Company, as executor of the last will and testament of G-eorge A. Bolles, deceased.
 

 The exceptor, Clara C. Bolles (plaintiff herein), relied wholly on the claim that George A. Bolles, her deceased husband, in his lifetime made a valid and binding gift of the property to her and it was therefore not assets of the estate; in that cause she made no contention that the property was hers by virtue of a trust of which she was the beneficiary. This court held that the essentials of a valid gift
 
 inter vivos
 
 were not present and, in effect, that the exceptions should be overruled and that the personal property was properly included in the inventory as assets of the estate.
 

 .The plaintiff herein, having been a party in the first case, is bound by the judgment. She contends, however, that in claiming the same property as
 
 cestui que trust
 
 an entirely new issue is made in the instant case and that the former adjudication does not bar her right to have a trust engrafted now upon the identical
 
 res
 
 for her use and benefit.
 

 The general rule is that a former adjudication settles all issues between the parties that could have been raised and decided as well as those that were decided.
 
 Covington & Cincinnati Bridge Co.
 
 v.
 
 Sargent,
 
 27 Ohio St., 233;
 
 City of Cincinnati
 
 v.
 
 Emerson,
 
 57 Ohio St.,
 
 *521
 
 132, 48 N. E., 667;
 
 Northern Pacific Ry. Co.
 
 v.
 
 Slaght,
 
 205 U. S., 122, 130, 51 L. Ed., 738, 27 S. Ct., 442.
 

 Plaintiff insists, however, that a case on exceptions to an inventory is a special statutory proceeding at law and only questions of legal title may be considered. This view is not broad enough. Of course the Probate Court exercises limited jurisdiction and on appeal and trial
 
 de novo
 
 the jurisdiction of the Court of Common Pleas would not be extended beyond that of the court below. Nevertheless the Probate Court is vested with full power to determine what property is lawfully included in an inventory as assets and as incidental thereto has jurisdiction to inquire whether inventoried personal property belongs to an exceptor as the beneficiary of a trust. Under Section 10501-53, General Code, the Probate Court has “plenary power at law and in equity fully to dispose of any matter properly before the court,” unless otherwise provided by statute. Compare
 
 Goodrich, Admr.,
 
 v.
 
 Anderson, ante,
 
 509. There is no statutory provision which limits or denies to that court power to hear and determine fully and completely all questions raised by exceptions to an inventory of the assets of a decedent’s estate. The application of the doctrine of
 
 res judicata
 
 is not narrowed herein because the court of origin was not invested with general jurisdiction.
 

 Since the doctrine applies here, the effect of its application must be determined.
 

 Litigants should disclose all their claims and contentions so that there may be a timely end to litigation. By this token a plaintiff should not be permitted to split his claims so as to reserve a handle for the re-litigation of the same subject-matter. In the proceeding on the amended exceptions the exceptor, in maintaining that the property was not lawfully inventorial assets because of a previous gift, really split her claims. She could have put her contention in two-fold
 
 *522
 
 form, namely, that the property was hers as donee and, if the evidence failed to show a valid gift, then, that it was hers as
 
 cestui que trust.
 
 Either claim, if it prevailed, would result in the sustaining of the exceptions.
 

 Manifestly the precise question made in the case at bar could have been raised in the former case.
 

 There is still another criterion by which to compare the issues and judgments in the respective cases.
 

 In testing a former adjudication to ascertain its efficacy as a bar to a subsequent action it is pertinent to inquire whether judgments rendered in the separate causes may both be enforced with consistency. How can both be given full effect? If the executor administers the property in dispute as assets of the estate it or the proceeds thereof after the payments of debts must be distributed according to the terms of the last will and testament. If the property is held in trust, the executor in possession cannot deal with it as part of the estate’s assets but must release it from his custody as executor in fulfillment of the trust obligation. If both judgments be allowed to stand it is manifest that both cannot be enforced. The same personal property cannot at the same time be assets of a decedent’s estate and the corpus of a separate and distinct trust.
 

 The conflict that exists between the two judgments is illustrative of the principle which underlies
 
 res judicata.
 
 As .has been stated by this court
 
 res judicata
 
 is in a sense a branch of the law of estoppel.
 
 Clark
 
 v.
 
 Baranowski,
 
 111 Ohio St., 436, 145 N. E., 760. When in an action an issue is determined and judgment rendered, all parties are bound and thereafter are es-topped from asserting rights in conflict therewith in subsequent litigation in the same or another judicial tribunal. The former adjudication that the property was assets of the estate can not be nullified by the subsequent adjudication that they are not estate assets but are held in trust for the benefit of Clara C. Bolles.
 
 *523
 
 The admissions of the pleadings and the undisputed evidence with respect to the defense of
 
 res judicata
 
 compel this court to reverse the judgment of the Court of Appeals and enter final judgment for the defendant dismissing the petition of the plaintiff.
 

 Judgment reversed and final judgment for appellant.
 

 Weygandt,' C. J., Day, Zimmerman, Myers and Matthias, JJ., concur.
 

 Hart, J., dissents.