Zimmerman, J.
Does the Probate Court have jurisdiction to determine a matter of this kind? We agree with the Court of Appeals that it does.
Section 8, Article IV of the Constitution of Ohio, provides:
“The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses, and for the sale of land by executors, administrators and guardians, and such other jurisdiction, in any county, or counties, as may be provided by law. ’ ’
Section 10501-53, General Code, recites that the Probate Court shall have jurisdiction—
“3. To direct and control the conduct, and settle the accounts of executors and administrators, and order the distribution of estates;
"* * *
“12. To render declaratory judgments;
*287 “13. To direct and control the conduct of fiduciaries and settle their accounts.”
Such section provides further that “the Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute. ’ ’
Moreover, Section 12102-1, General Code, a part of the Declaratory Judgments Act, reads :
“Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. * * * ”
And Section 12102-4, General Code, states:
“Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto:
l l # * *
“(c) To determine any question arising in the administration of the estate or trust * * *.”
The estate of the decedent is properly in the Probate Court for administration and settlement. Essentially involved in the controversy before us is a question as to the title to and the status of certain personal property — whether it properly belongs to the estate and should be administered as a part thereof or whether the decedent effectually disposed of such property during his lifetime through the declaration of trust.
This court has recognized that matters of this sort, involving the title and rights to property, which arise in the settlement of decedents’ estates are initially within the jurisdiction of the Probate Court and are *288 determinable by that tribunal. No sufficient reason appears to abandon that position. See Streeper, Admr., v. Myers, 132 Ohio St., 322, 7 N. E. (2d), 554, and Bolles v. Toledo Trust Co., Exr., 136 Ohio St., 517, 521, 27 N. E. (2d), 145, 147.
In our opinion the amended petition presents a justiciable controversy within the cognizance of the Probate Court. What determination that court may make of the matter is another question with which this court has nothing to do at this time.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton and Stewart, JJ., concur.
Taft, Matthias and Hart, JJ., dissent.