Tart, J.,
dissenting. As one of the defenses to plaintiffs’ petition in the Common Pleas Court for a declaratory judgment, it is alleged and not disputed that the Probate Court appointed an administrator of the decedent’s estate; that, in the inventory and appraisal of decedent’s estate filed in the Probate Court on January 5, 1951, the appraisers (as authorized by Section 10509-54, General Code) set off $500 to the widow as property exempt from administration, and (as authorized by Section 10509-74, General Code) set off $750 as and for the widow’s year’s allowance; that no exceptions or objections to the inventory and appraisal were filed; that it was approved by the Probate Court on January 31, 1951; and that no appeal was taken from the order of the Probate Court approving the inventory and appraisal.
Section 10509-59, General Code, reads in part:
. “Upon the filing of the inventory the court shall forthwith set a day not later than one month after the day such inventory was filed, for hearing on the inventory, and shall give at least ten days’ notice by registered mail or otherwise, of the hearing to the executor or administrator and to such of the following as are known to be residents of the state and whose place of residence is known: surviving spouse, if any; next of kin; * * * the attorney or attorneys, if known, representing any of the aforementioned persons. * * * Exceptions’to the inventory and/or year’s allowance may be filed at any time prior to five days before the date set for the hearing or the date to which such hearing has been continued * * * by any person interested in the estate or in any of the property included in the inventory, but such time limit for the filing of exceptions shall not apply in case of fraud or concealment of assets. * * * The court must enter its finding on the journal and tax the costs as may be equitable.”
Plaintiffs, as the father and mother of decedent and *57 by reason of the provisions of paragraph 4 of Section 10503-4, General Code, were clearly “next of kin” of the .decedent; Section 10509-59, General Code, required that they and the widow be notified of the filing of the inventory and gave them a right, as persons ‘ ‘ interested,” to file exceptions thereto. See Section 10509-47, General Code.
The decision in the instant case allows plaintiffs to disregard the final order of the Probate Court, approving the inventory and appraisal, long after expiration of the time for an appeal from that order (see Section 10501-56, General Code) and when no proper effort has been made to vacate that order (see Section 10501-17, General Code); and allows plaintiffs to litigate in another court questions necessarily passed upon by the Probate Court in making that order. Such a collateral attack in another court (Cf. Radaszewski v. Keating, Exrx., 141 Ohio St., 489, 49 N. E. [2d], 167) on the order of the Probate Court is, in my opinion, inconsistent with elementary principles of the law as to the binding effect of a judgment rendered by a court having jurisdiction of the subject matter and of the parties. See Bolles v. Toledo Trust Co., Exr., 136 Ohio St., 517, 27 N. E. (2d), 145; Covington & Cincinnati Bridge Co. v. Sargent, 27 Ohio St., 233; In re Estate of Morrison, 159 Ohio St., 285, 112 N. E. (2d), 13.