Bell, J.
The legal question involved herein is whether the Probate Court, in a proceeding under Section 2115.16, Revised Code, is required to conduct an accounting between an exceptor to an inventory and the executor of a decedent’s estate.
Section 2115.16, Revised Code, reads in part as follows:
“Exceptions to the inventory * * * may be filed * # * by any person interested in the estate or in any of the property included in the inventory.”
Concededly, the exceptor herein has no interest “in the estate” either as heir or as legatee. Her status as an exceptor must, therefore, be by virtue of her interest, if any, “in any of the property included in the inventory.”
*409 This court has heretofore considered the authority of the Probate Court to determine the ownership of property included in an inventory. In Bolles v. Toledo Trust Co., Exr., 136 Ohio St., 517, 27 N. E. (2d), 145, this court held that the Probate Court is vested with full power to determine what property is lawfully included in an inventory as assets, and incidental thereto has jurisdiction to inquire whether inventoried personal property belongs to an exceptor as the beneficiary of a trust. Such a finding is res judicata when properly pleaded as a defense in a subsequent action brought by a former exceptor to the inventory to engraft a trust on the same personal property.
Exceptor herein relies upon the following words of Judge Williams in the Bolles case as authority for the ruling of the Court of Appeals:
“There is no statutory provision which limits or denies to that court [Probate Court] power to hear and determine fully and completely all questions raised by exceptions to an inventory of the assets of a decedent’s estate.” (Emphasis added.)
It must be remembered that in the Bolles case, although the property upon which the engrafting of a trust was sought consisted of corporate stocks, notes and bonds, all that property was in a safety deposit box at the time of the decedent’s death and from a short time after his death was in the possession of the executor.
If the shares of stock involved herein had been in the possession of the decedent at the time of his death and thereupon had passed into the possession of his executors and been inventoried by them, there is no question that the Probate Court could and should upon exceptions to the inventory have determined exceptor’s ownership as to part of them.
Do the facts in this case, however, bring it under the rule of the Bolles casei In determining that question, it is necessary to examine the procedure provided by Section 2115.16, Eevised Code.
That section provides that upon the filing of exceptions the executor or administrator shall be notified thereof and a hearing shall be conducted at which the executor or administrator and any witness may. be examined, and that the finding of the court shall be entered on the journal. There is no provision in *410 the statute for pleadings as they are known in the ordinary civil action, and there is no provision for the summoning of witnesses or additional parties, which might be necessary for a complete determination of the rights of the parties. The statute provides for a summary proceeding, as a part of the Probate Court’s overall supervision of a decedent’s estate, to determine whether those charged with the responsibility therefor have included in the decedent’s estate more or less than he owned at the time of his death.
The exceptor herein seeks only the delivery to her of 100 shares of stock. Were these shares in the possession of the executors, the Probate Court could have summarily ordered them delivered to exceptor upon its finding that she is the owner thereof. But these shares are not in their possession. In fact, the registered title to these shares of stock is in the broker. The brokerage firm is not a party to this proceeding and any order of the Probate Court directing it to turn over any shares to the exceptor would have been a vain one. All that the decedent owned, so far as these stocks were concerned, was a chose in action and that chose only was listed in the inventory. Similarly, exceptor has a chose in action against the estate of the decedent.
The ultimate determination of the rights of the exceptor involves the questions of title to the stocks, the redemption of the equity in the margin account and the subsequent transfer of legal title to the stock to the rightful owners. These questions obviously can not be determined without the brokerage firm being a party to a proceeding for such determination. In such a situation, the summary procedure under Section-2115.16 is at least inappropriate if not inadequate.
Courts generally have frowned upon the exercise of summary jurisdiction. In 83 Corpus Juris Secundum, 792, Section 4, it is said:
“It has been held that courts as a rule are not hospitable to summary proceedings, and that it is always a question of discretion whether a court will entertain such a proceeding or will relegate the moving party to a plenary suit. ’ ’
This rule has been followed in Ohio by the Probate Courts. In a well' reasoned opinion, the Probate Court of Cuyahoga *411 County in In re Estate of Brady, 34 OMo Law Abs., 410, held that the Probate Court can determine title in a hearing on exceptions to an inventory, but it is a matter of discretion whether a summary proceeding shall be employed or the exceptors ordered to pursue other remedies. See, also, Adams & Hos-ford, Ohio Probate Practice and Procedure (4 Ed.), 31, and Diebel’s Ohio Probate Law (5 Ed.), 327, Section 520.
The Probate Court was of the opinion that in the circumstances of this case the summary procedure would not give the litigants an opportunity to present fully their respective sides of the controversy. With that conclusion we agree. A court ought not to be compelled to exercise summary jurisdiction where full and complete relief can be granted only in a plenary action.
Section 2115.16, Revised Code, does not expressly provide for the impressing of a resulting or implied trust, or for an accounting. Such jurisdiction ought not to be implied, particularly where the property involved is not in the possession of the executor and can not come into his possession prior to a determination of the rights between him and the legal owners of the property.
In Goodrich, Admr., v. Anderson, 136 Ohio St., 509, 26 N. E. (2d), 1016, this court held that the summary proceeding to discover concealed assets is special and designed to facilitate the administration of estates, but that it can not be used primarily as a substitute for a civil action for a money judgment, wherein pleadings are required to properly define the issues.
In the case of In re Estate of Black, 145 Ohio St., 405, 62 N. E. (2d), 90, the court held that the summary proceeding to discover concealed assets may not be used to collect a debt, obtain an accounting or adjudicate rights under a contract. See, also, In re Estate of Butler, 137 Ohio St., 115, 28 N. E. (2d), 196; In re Estate of Leiby, 157 Ohio St., 374, 105 N. E. (2d), 583.
The Goodrich, Black and Leiby cases were decided under Section 10506-67 et seq., General Code (Section 2109.50, Revised Code), relating to the concealment of assets. This statute has been held to provide for a summary inquisitorial proceeding to recover specific property or the proceeds thereof belonging to a trust estate. In re Estate of Leiby, supra. Section 2115.16, *412 Revised Code, provides for a summary proceeding instituted by any third person interested in an estate against an executor. The same reasoning which results in the conclusion that an executor is prohibited from obtaining an accounting in a summary proceeding instituted by him against the third person should result in the conclusion that such third person is prevented from obtaining like relief in a summary proceeding against the executor.
The exceptor herein did not file a petition for an accounting or to impress a trust on the margin account. By filing exceptions to the inventory she did not submit herself to the jurisdiction of the Probate Court to compel her to account to the decedent’s estate. And the executors were in court only on exceptions to the inventory; they were not in court on any unasserted claim for an accounting.
The case of In re Estate of Morrison, 159 Ohio St.,’ 285, 112 N. E. (2d), 13, cited by the exceptor, does not militate against this decision. That case, unlike the instant case, was a plenary action for a declaratory judgment. Issues were made by pleadings, and all necessary parties were made defendants and were served with summonses. It was in no sense a summary proceeding.
The case of In re Estate of Hatch, 154 Ohio St., 149, 93 N. E. (2d), 585, although not cited by any party herein, requires some discussion. In that case a savings account was listed in the inventory of a decedent’s estate. Upon exceptions filed thereto, the Probate Court determined that an agreement between the decedent and another had established a valid joint and survivorship account and that the account was improperly included in the inventory.
Certainly the listing of the savings account was the listing of a chose in action against the bank just as the listing of the margin account was the listing of a chose in action against the brokerage firm. But the rights of the parties thereto are determinable in a different fashion. In the Hatch case, the account was established by a written agreement between two depositors and the bank. The only question decided by the Probate Court was whether the agreement was legally sufficient to constitute a joint and survivorship account. The bank, by virtue of its *413 contract with the depositors, had no discretion but to pay the claim upon demand either of the survivor or the administrator, depending upon the ruling of the Probate Court. In such a situation, the Probate Court could give full and adequate relief by ruling on the exceptions to the inventory. As pointed out, the Probate Court of Summit County in the present case could not give such full and. complete relief.
For the reasons stated, the judgment of the Court of Appeals is reversed and that of the Probate Court affirmed.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, and Taet, JJ., concur.