DiPAOLO ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* DeVICTOR ET AL., APPELLEES AND CROSS-APPELLANTS.

(No. 87AP-754—Decided
June 30, 1988.)

*Charles E. Taylor* and *Curtis H. Porter,* for appellants and cross-appellees.

*Terry D. Van Horn,* for appellees and cross-appellants.

*Emens, Hurd, Kegler & Ritter* and *John C. McDonald,* for *amici curiae,* DiPaolo Food Distributors, Inc., Sysco Systems, Inc., Richard P. DiPaolo and Josephine DiPaolo.

REILLY, J. Plaintiffs appeal from a judgment of the Franklin County Court of Common Pleas sustaining defendants' motion to dismiss and denying plaintiffs leave to file an amended and a first amended complaint.

On February 28, 1986, plaintiffs filed this action against Robert DeVictor and Edward Lombardo, as well as the partnership of Lombardo and DeVictor. The case involves the administration of the estate of Paolo DiPaolo, deceased. Plaintiffs include the widow and five children of the decedent. Defendants were retained by the decedent's widow, Enerina Paolo, while she served as executrix for her husband's estate.

The relevant portion of the complaint, as it relates to defendants' involvement, reads as follows:

"4. From December, 1962, until December, 1964, Defendants were the attorneys for Enerina DiPaolo, in her capacity as Executrix of the estate of her husband, Paolo DiPaolo. Said estate was submitted to the Probate Court of Franklin County and the Defendants formally entered their appearances as attorneys for the Executrix.

"5. Defendants also were counsel to Richard DiPaolo, and to the corporation known as DiPaolo Food Distributors, Inc. Said attorney/client relationships were first initiated in 1958.

"6. A dispute arose between Richard DiPaolo, as president of DiPaolo Food Distributors, Inc. and Enerina DiPaolo as Executrix of the estate of Paolo DiPaolo. The Plaintiffs are beneficiaries of the estate of Paolo DiPaolo. Contrary to the interests of the estate and of the Plaintiffs as beneficiaries of the estate, the Defendants caused the business, then known as DiPaolo Food Distributors, Inc., to be excluded from the property of the estate. In so doing, they acted on

behalf of and at the direction of Richard DiPaolo, in his individual capacity, and as president of DiPaolo Food Distributors, Inc.

"7. Plaintiff, Enerina DiPaolo, signed a document, attached hereto as Exhibit 1, upon the advice of the Defendants. The Defendants knew that said documents deprived the Plaintiffs of property of substantial value in which they had a legal and equitable interest.

"* * *

"10. Defendants intentionally represented to the Plaintiffs, while serving as counsel for the Executrix of the estate of Paolo DiPaolo, that the Plaintiffs had no legal or equitable interest in the business known as DiPaolo Food Distributors, Inc. Said representation was false. The Plaintiffs relied upon said representation. Specifically, Enerina DiPaolo signed Exhibit 1 attached hereto as a result of said representation. Said representation was made with the malicious intent to deceive the Plaintiffs. As a direct and proximate result of said misrepresentation, Plaintiffs suffered loss."

Defendants answered on April 4, 1986, asserting in part that plaintiffs' complaint was barred by the statute of limitations. A trial date of January 5, 1987 was scheduled and, on November 18, 1986, plaintiffs filed a motion for leave to amend the complaint and add additional parties. The amended complaint, tendered with the motion, primarily sought to add Richard DiPaolo and DiPaolo Food Distributors, Inc. Moreover, the amended complaint included further allegations of fraudulent action against Lombardo, DeVictor and Richard DiPaolo. Plaintiffs also requested additional relief in the form of a constructive trust or, alternatively, damages for unjust enrichment.

The motion to amend was opposed by defendants. The court heard oral arguments on the motion on March 9, 1987. Plaintiffs subsequently filed another motion for leave to amend and tendered a "first amended complaint," which complaint substantially repeated the previous amended complaint except it excluded the request for a constructive trust. This motion was opposed.

On July 20, 1987, defendants moved to dismiss plaintiffs' complaint, presumably for failure to state a claim upon which relief could be granted under Civ. R. 12(B)(6). Two grounds were set forth by defendants; first, that the basic premise of the complaint was without foundation and, second, that the action was barred by the statute of limitations. Further, on that date, plaintiffs filed a memorandum on various aspects of law and the court held an oral hearing.

The trial court granted the motion to dismiss on August 4, 1987, and also overruled plaintiffs' motions to amend and add parties.

Plaintiffs timely appeal, and advance eleven assignments of error:

"1. The court committed prejudicial error in dismissing the claims with prejudice based on its erroneous conclusion of law that the 'claims were not filed within rule.'

"2. The court committed prejudicial error in dismissing the claims with prejudice based on the erroneous conclusion of law that '(1) the plaintiffs have never applied to probate court for any kind of relief.'

"3. The court committed prejudicial error in dismissing the claims with prejudice based on the conclusion of law that '(2) it (the amended and first amended complaint) completely attempts to change the cause of action from malpractice against two attorneys to an action for fraud and unjust enrichment of the defendant Richard DiPaolo, which resulted in the

assets of his company not being included in the estate.'

"4. Even if the lower court's refusal to permit joiners was non-prejudicial, the dismissal of the case with prejudice as to the attorney defendants constituted prejudicial error.

"5. Even if the lower court's refusal to permit joiners was non-prejudicial the dismissal of the case with prejudice as to the lay defendants was prejudicial error.

"6. The court committed prejudicial error in dismissing the claims with prejudice based on the legal conclusion the '(3) the basic issue raised of whether or not assets of DiPaolo Food Distributors, Inc. were a part of the estate has been previously ruled upon by the Probate Court of Franklin County and no exceptions were taken to the final account, nor was any relief under Rule 60(B) ever requested, nor was any relief for fraud requested under R.C. 2109.35, alleging fraud to have been perpetrated upon the Probate Court.'

"7. The court committed prejudicial error in dismissing the claims with prejudice for the reason that the '(2) issues raised by the complaint have been previously litigated in Probate Court.'

"8. The court committed prejudicial error in dismissing the claims for the reason that '(3) the statute of limitations for malpractice and fraud have long passed.'

"9. The lower court committed prejudicial error in failing to apply the discovery rule to the fraud and malpractice claims.

"10. The lower court erred as a matter of law in failing to apply the rule that defendants are estopped to set up the statute of limitations as a defense where their fraudulent conduct caused delay in bringing the action.

"11. The lower court committed reversible error in weighing the evidence in dismissing the claims with prejudice when the issues presented to the court presented pure questions of law."

Defendants timely filed a notice of cross-appeal, but have failed to file assignments of error or to otherwise pursue the cross-appeal. Pursuant to App. R. 3, we hereby dismiss the cross-appeal *sua sponte*.

At the outset, it is noted that the trial court set forth three reasons for dismissing the complaint. First, the trial court concluded that plaintiffs had never sought relief in the probate court. Second, the court determined that plaintiffs' complaint was barred by *res judicata,* and third, the complaint was dismissed on the ground that the applicable statutes of limitations had expired.

Furthermore, three reasons were given for denying plaintiffs' motions to amend: first, the motions were filed out of rule; second, the amended complaints attempted to completely alter the original cause of action, and third, the core issue had been previously determined in the probate court and had been unchallenged in that forum.

Assignments of error one, three and six address the trial court's refusal to allow amendment of the complaint. Amendments are governed by Civ. R. 15(A), which provides, in pertinent part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be

freely given when justice so requires. * * *"

The denial of leave to amend a pleading is discretionary with the trial court. Plaintiffs rely on paragraph six of the syllabus in *Peterson* v. *Teodosio* (1973), 34 Ohio St. 2d 161, 63 O.O. 2d 262, 297 N.E. 2d 113, to support their claim that denial of their motion to amend constituted an abuse of discretion. Paragraph six states:

"It is an abuse of discretion for a court to deny a motion, timely filed, seeking leave to file an amended complaint, where it is possible that plaintiff may state a claim upon which relief may be granted and no reason otherwise justifying denial of the motion is disclosed."

The trial court did not state in its decision that the motion to amend was denied due to a failure to state a justiciable claim. Instead, the trial court presented three separate reasons for denying the motion. Hence, this case differs from the situation in *Peterson* where the trial court disallowed the proposed amendment apparently without any disclosed justification.

Moreover, a motion to amend must be filed in a timely manner. *Peterson, supra; Solowitch* v. *Bennett* (1982), 8 Ohio App. 3d 115, 8 OBR 169, 456 N.E. 2d 562. A careful reading of the proposed amended complaint in this case discloses that the basic premise of the amended complaint, as noted above, was the same as the original complaint. In both, plaintiffs allege that they were deprived of interests in a corporation due to wrongful acts of defendants-attorneys and defendant, Richard DiPaolo. However, the original complaint was filed on February 28, 1986, and plaintiffs did not seek to amend the complaint to include Richard DiPaolo as a defendant until nearly nine months later, after trial had been scheduled. Therefore, since the trial court denied leave to amend the complaint as being filed out of rule, such denial did not constitute an abuse of discretion.

To the extent, however, that the trial court's refusal to permit plaintiffs to amend their complaint may have constituted an abuse of discretion, such refusal clearly was harmless error, considering the following discussion as to dismissal of the case. Therefore, the first, third and sixth assignments of error are hereby overruled.

The remainder of plaintiffs' assignments of error are directed toward the trial court's dismissal of the complaint.

As stated above, the trial court noted three reasons for dismissing the complaint. The court determined first that the complaint must be dismissed since plaintiffs had never sought relief in the probate court. Addressing this conclusion in their second assignment of error, plaintiffs assert that, in an action seeking equitable relief, common pleas courts have concurrent jurisdiction with probate courts.

Defendants, on the other hand, contend that the probate court has exclusive jurisdiction of all probate matters. R.C. 2101.24. They maintain that plaintiffs should have filed for relief from judgment under Civ. R. 60(B) or filed exceptions to the final account or filed an action alleging fraud committed against the probate court pursuant to R.C. 2109.35.

Although any of such actions, if timely filed, might have allowed plaintiffs some relief, the availability of such alternatives did not foreclose plaintiffs from bringing this action. Moreover, a probate court has no jurisdiction over a claim for money damages resulting from fraud. *Alexander* v. *Compton* (1978), 57 Ohio App. 2d 89, 11 O.O. 3d 81, 385 N.E. 2d 638. Hence, the trial court improperly dismissed the complaint on this

ground. The error was harmless, however, since the complaint was properly dismissed on other grounds. The second assignment of error is thus overruled.

In their seventh assignment of error, plaintiffs assert that the probate court entries made during administration of the decedent's estate did not constitute *res judicata* as to this proceeding.

The trial court cites as a second reason for dismissing the cause of action the determination that the issues raised in the amended, and presumably the original, complaint had been previously litigated in the probate court. Apparently this means that the issue of whether any part of DiPaolo Food Distributors, Inc., should have been included in Paolo DiPaolo's estate was conclusively determined in the final accounting in the probate court. Thus, plaintiffs are now barred from relitigating that issue.

A prior adjudication serves to settle all issues between parties that could have been raised and decided along with those that were decided. *Covington & Cincinnati Bridge Co.* v. *Sargent* (1875), 27 Ohio St. 233; *Bolles* v. *Toledo Trust Co.* (1940), 136 Ohio St. 517, 17 O.O. 156, 27 N.E. 2d 145. If exceptions had been filed to the final accounting, then those parties who had raised exceptions would be bound by the probate court's determination as to inclusion of assets in the estate. *Id.; Cole* v. *Ottawa Home & Savings Assn.* (1969), 18 Ohio St. 2d 1, 47 O.O. 2d 1, 246 N.E. 2d 542.

There is no indication that any of the plaintiffs, except Enerina DiPaolo in her capacity as executrix, were parties to any such probate court judgment. Therefore, the final accounting filed in the estate of Paolo DiPaolo does not constitute *res judicata* as to the instant action, except as to plaintiff Enerina DiPaolo.

Enerina DiPaolo is precluded from maintaining this action for another reason. Plaintiffs refer to in their complaint, although they failed to attach a copy of, an agreement signed by Enerina DiPaolo in her individual capacity, which agreement is part of the record. As to the agreement in exchange for certain guarantees by Richard DiPaolo, who was the other party to the agreement, Enerina DiPaolo agreed to relinquish any or all claims which she may have had against DiPaolo Food Distributors, Inc. After the agreement was signed, the final accounting was entered in the probate court in the decedent's estate. Therefore, Enerina DiPaolo is barred by the doctrine of *res judicata* from asserting any interest in the company.

Consequently, dismissal on the ground of *res judicata* was properly granted as to Enerina DiPaolo but improper as to the remaining plaintiffs. However, the trial court's action is harmless error considering the ultimate disposition of the matter. Accordingly, the seventh assignment of error is overruled.

Assignments or error four, five, eight, nine, ten and eleven, being interrelated, will be discussed together.

As a final reason for dismissing plaintiffs' case, the trial court stated that "[t]he statute of limitations for malpractice and fraud have long since passed." In their brief on appeal and in the trial court, plaintiffs acknowledged that the instant action was filed long after the estate of Paolo DiPaolo was closed in 1964. Plaintiffs, however, maintain that, as the complaint alleged that discovery was not made until 1985, the applicable statutes of limitations had not yet expired as of the date the complaint was filed.

Two different statutes of limitations are implicated in the complaint. The first is the one-year statute of limitations for malpractice in R.C.

2305.11. The second is the four-year limitation for fraud in R.C. 2305.09.

Plaintiffs concede, as to defendants-attorneys, that, although the action against them is based upon fraudulent actions under the authority of *Muir* v. *Hadler Real Estate Mgmt. Co.* (1982), 4 Ohio App. 3d 89, 4 OBR 170, 446 N.E. 2d 820, the statute of limitations for malpractice may apply. This court stated in *Muir* that "[m]alpractice by any other name still constitutes malpractice. * * *" *Id.* at 90, 4 OBR at 171, 446 N.E. 2d at 822. Nonetheless, plaintiffs argue that even if the one-year limitation applies, since they "discovered" the misconduct in 1985, the complaint filed in 1986 was within the time limits. This contention is rejected for the following reasons.

Fundamentally, attorneys are immune from liability to third persons arising from performance as an attorney in the absence of privity between third persons and the client or unless the attorney acts maliciously. *Scholler* v. *Scholler* (1984), 10 Ohio St. 3d 98, 10 OBR 426, 462 N.E. 2d 158; *W.D.G., Inc.* v. *Mutual Mfg. & Supply Co.* (App. 1976), 5 O.O. 3d 397.

In this case, it is undisputed that defendants served as attorneys for Enerina DiPaolo while she acted as executrix of the DiPaolo estate. From the face of the complaint, it does not appear that any of the plaintiffs, other than Enerina DiPaolo, had formed an attorney-client relationship with defendants. Thus, a cause of action for acts committed in the representation of Enerina DiPaolo lies in favor of the third-person plaintiffs only if they were in privity with Enerina DiPaolo or if defendants acted with malice.

"Malpractice" is defined in *Muir* as "'* * * the professional misconduct of * * * attorneys,' [which] * * * may consist either of negligence or of breach of contract of employment. * * *" *Id.* at 90, 4 OBR at 171, 446 N.E. 2d at 822. The malpractice allegedly committed herein stemmed from allegedly fraudulent statements made by defendants during the course of representing their client, Enerina DiPaolo.

As stated previously, actions in malpractice must be brought within the one-year statute of limitations. The applicable statute of limitations begins to run when the cause of action "accrued," which has been defined to mean when plaintiffs discovered, or in the exercise of reasonable care and diligence should have discovered, the *resulting injury. Skidmore & Hall* v. *Rottman* (1983), 5 Ohio St. 3d 210, 5 OBR 453, 450 N.E. 2d 684. See, also, *Hershberger* v. *Akron City Hosp.* (1987), 34 Ohio St. 3d 1, 516 N.E. 2d 204 (discovery of injury in medical practice claim).

Applying the foregoing to this case, it is clear that the trial court correctly dismissed the cause of action as not being timely filed. The claimed injury was the exclusion of DiPaolo Food Distributors, Inc. from the assets of the DiPaolo estate, and it is undisputed that plaintiffs were informed of this fact in 1963 and 1964. See plaintiffs' complaint, paragraph 10. While plaintiffs may not have discovered all of the details of the alleged malpractice until twenty years later, it is readily apparent that discovery of the resulting injury occurred during the administration of the DiPaolo estate. Therefore, even availing themselves of the discovery rule, plaintiffs' malpractice action is statutorily barred.

Although their action is labeled as a malpractice action, plaintiffs also attempt to avail themselves of the longer four-year statute of limitations applicable to fraud cases. The alleged fraud arose from statements made to plaintiffs during the course of defendants' representation of Enerina DiPaolo.

It is noteworthy that such representation constitutes a fundamental aspect of the attorney-client relationship. The very existence of that relationship raises a presumption that an attorney acted in good faith in handling his client's affairs. See, generally, 6 Ohio Jurisprudence 3d (1978) 644, Attorneys at Law, Section 118.

In order to rebut that presumption and sufficiently allege a cause of action for fraud against attorneys in a situation where the gist of the complaint involves legal malpractice, see *Hibbett* v. *Cincinnati* (1982), 4 Ohio App. 3d 128, 4 OBR 220, 446 N.E. 2d 832, plaintiffs must have specifically alleged that defendants committed the actions for their own personal gain. To hold otherwise would be to undermine the purpose and focus of the malpractice statute. Moreover, such requirement is in keeping with the particularity generally necessary to have a well-pleaded complaint in fraud. *Schwartz* v. *Capital Savings & Loan Co.* (1978), 56 Ohio App. 2d 83, 10 O.O. 3d 117, 381 N.E. 2d 957; *Korodi* v. *Minot* (1987), 40 Ohio App. 3d 1, 531 N.E. 2d 318. See, also, *W.D.G., Inc., supra.*

Plaintiffs herein have alleged no such personal gain accruing to defendants. From the complaint, it is impossible to make a reasonable inference of some gain which defendants could have realized by their purported actions. The complaint, therefore, was one in malpractice, but not fraud, and as determined by the trial court was properly dismissed as barred by the statute of limitations.

For the foregoing reasons, plaintiffs' assignments of error are overruled, defendants' cross-appeal is dismissed, and the judgment of the court of common pleas is affirmed.

*Cross-appeal dismissed and judgment affirmed.*

WHITESIDE, P.J., and KEEFE, J., concur.

JOHN W. KEEFE, J., retired, of the First Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.