This is an appeal from the judgment of the Huron County Court of Common Pleas, Probate Division, granting appellees, Rhonda Muchicko and Mila Laughlin, judgment against the estate of their father, James H. Ballentine ("decedent"), in the total amount of $36,766. Dorothy Ballentine ("Ballentine"), wife of decedent at the time of his death, appeals the judgment of the probate court individually and as administratrix of decedent's estate (collectively referred to as "appellants"). For the reasons that follow, we reverse the judgment of the probate court.
Appellants raise the following four assignments of error in support of their appeal:
"I. ASSIGNMENT OF ERROR NO. 1
 "THE COURT ERRED TO THE PREJUDICE OF APPELLANTS IN DETERMINING THAT A CLAIM OF EXCEPTORS/APPELLEES FOR RENT AGAINST THE ADMINISTRATRIX AS A TENANT IN COMMON SHOULD HAVE BEEN INCLUDED IN THE INVENTORY OF THE ESTATE OF JAMES H. BALLENTINE AND IN ENTERING MONEY JUDGMENT THEREFOR.
"II. ASSIGNMENT OF ERROR NO. 2
 "IN A HEARING ON EXCEPTIONS TO AN INVENTORY THE COURT ERRED TO THE PREJUDICE OF APPELLANTS IN ASSIGNING VALUE TO PERSONAL PROPERTY WHICH IT FOUND SHOULD HAVE BEEN INCLUDED AND AS A RESULT IN GRANTING JUDGMENTS THEREFOR IN FAVOR OF EXCEPTORS AND AGAINST THE ESTATE.
"III. ASSIGNMENT OF ERROR NO. 3
 "THE COURT ERRED TO THE PREJUDICE OF APPELLANTS IN COMPUTING AMOUNTS DUE EXCEPTORS/APPELLEES AS THOUGH THE NET ESTATE WAS THE SAME AS THE GROSS ESTATE.
"IV. ASSIGNMENT OF ERROR NO. 4
 "THE COURT ERRED TO THE PREJUDICE OF THE APPELLANTS IN GRANTING JUDGMENT AGAINST THE ESTATE FOR RENT OF THE MARITAL HOME, THE SAME BEING CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
According to the record, decedent died intestate on April 21, 1985. Dorothy Ballentine filed an "Application to Relieve Estate from Administration" on October 9, 1985. Ballentine listed the value of the personal property at $2,500 and provided no value for the decedent's real estate. On March 25, 1986, Ballentine's attorney, Gregory A. McDowell, filed a motion to dismiss the petition to release the estate from administration because it was discovered that the value of the gross estate assets exceeded $15,000. The probate court dismissed the application the same day. Thereafter, the probate court twice requested McDowell to file a "Report of Distribution." On May 2, 1990, the probate court sua sponte set a hearing to allow the fiduciary to show cause why the administration of the estate should not be terminated. On May 29, 1990, the probate court entered the following judgment entry:
 "This cause came to be heard this 29th day of May, 1990, for a hearing on the Court's own motion to allow the fiduciary to show cause why the administration of this estate should not be terminated. Those present before the Court at this time were Mr. Gregory A. McDowell, counsel for the fiduciary. The fiduciary was not present before the Court at this time.
 "Whereupon, Mr. McDowell informed that the fiduciary does not want to pursue a full estate or a release from administration.
 "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the matter be, and hereby is, terminated for want of prosecution."
On September 22, 1997, an "Application for Authority to Administer Estate" was filed by Dorothy Ballentine, and a new case number was assigned to the estate, 97-34700, Docket 56, Page 82. Ballentine requested that she be appointed administratrix of decedent's estate. Also on September 22, 1997, Ballentine signed a "Fiduciary's Acceptance of Duties" form and the probate court appointed Ballentine as fiduciary and administratrix of her husband's estate.
On February 11, 1998, John Hedeen was appointed appraiser for decedent's estate. On the same date, Ballentine filed an "Inventory and Appraisal" form and valued decedent's real property at the time of his death at $30,900, and valued "other miscellaneous property," consisting of a golf cart, man's wedding ring, and man's watch, at $555, for a total estate value of $31,455.[1]
On February 25, 1998, appellees filed "Exceptions to the Inventory." Appellees asserted that the assets of the estate should include a claim against the administratrix for the reasonable fair rental value of decedent's half interest in the marital abode, which decedent's estate owned as a tenant in common with the administratrix. Appellees also asserted that the Schedule of Assets filed by the administratrix was incomplete. The exceptions to inventory eventually came for hearing on April 14, 1998.
On August 12, 1998, the probate court entered its judgment entry regarding appellees' exceptions to inventory. The court accepted the exhibit provided by appellees as a true and accurate list of decedent's personal property owned at the time of his death, totaling $11,210. The court allowed appellees to assess value to the items listed in their exhibit and stated, "While neither exceptor holds qualifications as an expert appraiser, as laymen they are entitled to give opinions as to the value of items of personal property when they are generally acquainted with what such things sell for new and what they sell for used." Accordingly, the probate court found that decedent's assets totaled $42,210 [sic],[2] equaling, the one-half interest in decedent's residential/marital abode ($30,900), plus the $11,210 in personal property.
In its "Conclusions of Law," the probate court held, in pertinent part, as follows:
 "The family allowance and widow's allowance for those persons who died in the year 1985 come to a total of $15,000.00. That leaves $27,110.00 which would go one-third to decedent's widow and one-third to each of the exceptors. One-third of $27,110.00 is $9,038.00 [sic][3]. Had the real estate and personal property been sold in the year 1985 for its appraised value, that is the amount that each of the exceptors would have received in cash. Instead, the widow had sole and exclusive use of the marital abode and the personal property therein. Much of that personal property, such as the bar with stools and at least one of the tables and some of the appliances have since been damaged or worn out and discarded.
 "The fiduciary had a duty to protect the decedent's property and make a reasonably timely distribution to his heirs at law. She is responsible for the value of personal property that was lost or destroyed since the original filing in Case Number 85-29878. She is also responsible for the fair rental value or, alternatively, interest upon the heirs' interest in the decedent's real estate.
 "A fair return on a real estate value of $18,076.00 [sic][4] would be ten percent (10%) per year, or $1,807.00 [sic][5]. For twelve (12) years, that amount would equal $19,680.00 [sic][6]. Accordingly, exceptors are entitled to recover from the subject estate the amount of $39,766.00 [sic][7].
 "Alternatively, the fiduciary may ask the Court to determine the average rate of return on residential rental property in Willard, Ohio, over the past twelve (12) years, and that rate of return will be added to the amount of $18,076.00, which is what the exceptors should have received had this estate been promptly administered the first time."
Appellants argue in their first assignment of error that the probate court erred in determining that a claim for rent against the administratrix should have been included in the inventory of the estate of the decedent. Appellants also argue that the probate court erred in entering judgment against the estate for the rent allegedly owed by Ballentine. Appellees, on the other hand, assert that the rent owed by Ballentine for having lived in the house since decedent's death was an asset of decedent's estate.
Additionally, we find that appellants fourth assignment of error is related to their first assignment of error and, therefore, we will consider them together. Appellants argue in their fourth assignment of error that the probate court's award of a fair rental value was contrary to the manifest weight of the evidence because there was no evidence presented concerning what the fair rental value of the property would have been.
R.C. 2115.02 states as follows with respect to a decedent's inventory:
 "Within three months after the date of the executor's or administrator's appointment, unless the probate court grants an extension of time for good cause shown, the executor or administrator shall file with the court an inventory of the decedent's interest in real estate located in this state and of the tangible and intangible personal property of the decedent that is to be administered and that has come to the executor's or administrator's possession or knowledge. The inventory shall set forth values as of the date of death of the decedent. * * *
 "Any asset, the value of which is readily ascertainable, is not required to be appraised but shall be included in the inventory." (Emphasis added.)
R.C. 2115.16 provides that when exceptions to the inventory are filed, a hearing on the inventory shall be held and the administrator and any witness may be examined under oath. The Ohio Supreme Court has held, "The hearing of exceptions to an inventory under Section 2115.16, Revised Code, is a summary proceeding conducted by the Probate Court to determine whether those charged with the responsibility therefor have included in a decedent's estate more or less than such decedent owned at thetime of his death." (Emphasis added.) In re Estate of Gottwaldv. Hershey, Exec. (1956), 164 Ohio St. 405, paragraph one of the syllabus.
Any rent on the estate's one-half interest in the real property only would have accrued after the decedent's death. As such, the "rent" at issue in this case should not have been included in the inventory, since it was not an asset at the time of decedent's death. See Gottwald, supra, and R.C. 2115.02. Therefore, we find that the probate court exceeded its authority and incorrectly included in the inventory the "fair rental value" of the real property. See Gottwald, supra, and R.C. 2115.02.
Notwithstanding, we find that the probate court erred in awarding a value for rent on the property when there had been no evidence presented with respect to the fair rental value of the property in question. Appellees assert that there was an unexplained break in the transcript and that there "may or may not have been some discussion of 10% per annum." We find this argument unpersuasive. There is no finding in the probate court's judgment concerning any alleged testimony. Appellees additionally argue that ten percent per annum is the allowable interest rate on judgments, pursuant to R.C. 1343.03. This statutory section, however, concerns the rate at which interest accrues on judgments and has absolutely nothing to do with fair rental rates.
Additionally, we note that the probate court used the total of appellees' interests to assess a rental value. The courto's error, of course, was that only a portion of appellees' interests came from real property, the rest was comprised from personal property. Therefore, even if the probate court could have awarded appellees rent, the court incorrectly ordered appellants to pay appellees "rent" on the personal property as well.
Appellees nevertheless argue that the probate court had the power to "hear and determine fully and completely all questions raised by exceptions to an inventory of the assets of a decedent's estate." Bolles v. The Toledo Trust Co. (1940),136 Ohio St. 517, 521. We find this argument is not persuasive. The dicta statement in Bolles was made with respect to a res judicata
argument, which is not at issue in this case.[8] Moreover, the syllabus law in Gottwald explicitly sets forth the duty of a probate court with respect to a hearing on exceptions to inventory. As stated above, even if appellees were entitled to rent on their interest, it was not properly included in the inventory.
There was simply no basis for the probate court's award of rent in conjunction with the inventory hearing. Accordingly, we find appellants' first and fourth assignments of error well-taken.
In their second assignment of error, appellants assert that the probate court erred by assigning value to the personal property which it found should have been included in the inventory. Additionally, appellants argue that appellees' testimony, regarding the value of the decedent's personal property, should not have been considered by the court because appellees were not qualified to assess value and were not the owners of the property.
The inventory shall set forth values of the decedent's property as of the date of decedent's death. R.C. 2115.02. "Any asset, the value of which is readily ascertainable, is not required to be appraised but shall be included in the inventory."Id. An administrator, with the aid of an appraiser, if an appraisement is to be made, shall make the inventory. R.C.2115.05. "Inventory" includes appraisement. R.C. 2115.01.
According to R.C. 2115.06, the personal property comprised in the inventory "shall be appraised by one suitable disinterested person appointed by the * * * administrator, subject to the approval of the court and sworn to a faithful discharge of his trust." "Before proceeding to the execution of their duties, the appraisers of a decedent's estate shall agree that they will truly, honestly, and impartially appraise the estate and property exhibited to them and perform the other duties required in the premises according to the best of their knowledge and ability." R.C. 2115.07.
Appellees assert that appellants waived their right to appeal this issue because there was no objection made regarding appellees' ability to testify as to value. We disagree. Appellants' counsel specifically objected to the admission of appellees' exhibits which listed the decedent's alleged personal property and appellees' assessed values. Counsel stated, "I would object to the figures on the value." We find that this is sufficient to preserve the issue for appeal.
Contrary to appellants' argument, we find that the probate court generally has the authority to determine the value of personal property upon having a hearing on exceptions to inventory. See R.C. 2115.01 ("inventory" includes appraisement); see, also, R.C. 2115.02 ("inventory shall set forth values"); and R.C. 2115.16 ("any witness may be examined under oath"). See, also, In re Estate of Berman v. Friedman (1963), 118 Ohio App. 354. However, we find that the probate court erred in accepting the value of the personal property as set forth by appellees. Neither appellee was a disinterested person. See R.C. 2115.06. Additionally, neither appellee had any appraisal experience or agreed to truly, honestly, and impartially appraise the property exhibited. See R.C. 2115.07. Accordingly, we find appellants' second assignment of error well-taken.
Appellants argue in their third assignment of error that the probate court erred in computing amounts due to appellees from the amount of the gross estate. Appellees agree that the amount payable to them should be reduced by the court costs and fees related to the estate. Accordingly, appellants' third assignment of error is also found well-taken.
On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Huron County Court of Common Pleas, Probate Division, is reversed. This matter is remanded to the probate court for further proceedings in accordance with this opinion. Costs of this appeal to be paid by appellees.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
[1] For purposes of computing estate taxes, on February 11, 1998, the debts and administration expenses of the estate were valued at $7,835.
[2] The probate court made a mathematical error at this point. $30,900 and $11,210 equal $42,110, not $42,210.
[3] This amount is also a mathematical error, one-third of $27,110 is $9,037, not $9,038, if the number is rounded up from $9036.67.
[4] Because the court's prior calculation of one-third of $27,110 was incorrect, this amount is also incorrect. The total of appellees' interests in the decedent's assets would be $18,074, not $18,076.
[5] This is also a mathematical error, ten percent of $18,076 would be $1,807.60, or $1,808 if rounding up, not $1,807.00. Nevertheless, $1,807 would be the correct amount if the probate court had correctly determined what amount equaled one-third of $27,110.
[6] This is another mathematical error, $1,807 times twelve years equals $21,684, not $19,680.
[7] Oddly enough, the purported "total" calculated by the probate court has no relation to any of the amounts already listed by the probate court. Presumably, the court should have added its figures of $18,076 and $19,680, but that would have equaled $37,756, not $39,766. Assuming the probate court figured out that 1,807 multiplied by twelve years equaled $21,684, not $19,680, then the total should have been $39,760 ($21,684 + $18,076), not $39,766. However, assuming rent was owed at the yearly amount stated by the court, the correct total should have been $39,758 ($18,074 + $21,684), because both of the figures being added, the total of appellees' interests and the supposed rent owed, were incorrectly computed by the probate court.
[8] In Bolles, the probate court had already determined whether certain stock certificates should be included in the inventory. Thereafter, the beneficiary filed a subsequent action in the common pleas court which, in essence, relitigated the matter already determined by the probate court.